IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL LEWIS and<br>DEENA MCLAUGHLIN,<br><br>               Plaintiffs,<br><br>v.<br><br>DANIEL DONALDSON,<br>THURMAN LEWIS, and<br>CITY OF LANSING, KANSAS,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 2:25-cv-02361<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DONALDSON, LEWIS AND CITY OF LANSING, KANSAS

Defendants Daniel Donaldson, Thurman Lewis, and the City of Lansing, Kansas (hereafter collectively "Defendants," unless individually identified), submit their Answer and Affirmative Defenses to the Complaint filed by Plaintiffs Michael Lewis and Deena McLaughlin (hereinafter "Plaintiffs," unless individually identified).

1. All allegations of the Complaint not expressly admitted herein are denied.

2. In response to paragraphs 1, 2, and 3 of Plaintiffs' Complaint, Defendants admit that jurisdiction and venue are proper but deny that Plaintiffs have any viable or legitimate claims against Defendants.

3. Defendants are without specific knowledge of the accuracy or veracity of the statements made and contained in paragraphs 4 and 5 of Plaintiffs' Complaint, and thus, the same are wholly denied.

4. Paragraphs 6, 7, and 8 are admitted.

5. With respect to the allegations made and contained in paragraphs 9, 10, and 11 of Plaintiffs' Complaint, the same are legal contentions to which no response is required. To the extent a response is required, Defendants deny the same.

## GENERAL ALLEGATIONS

6. As to the allegations made and contained in paragraph 12 of Plaintiff's Complaint, Defendant is without knowledge as to the truth and veracity of the same, and therefore denies the same.

7. With respect to the allegations in paragraph 13 of Plaintiff's Complaint, Defendants admit on March 10, 2024, Defendants Donaldson and Lewis were employed as law enforcement officers by the City of Lansing and were on-duty.

8. With respect to the allegations made and contained in paragraph 14 of Plaintiffs' Complaint, the same are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations made and contained in paragraph 14 of the Plaintiffs' Complaint.

9. With respect to the allegations made and contained in paragraph 15 of Plaintiffs' Complaint, Defendants admit that on May 10, 2024, at approximately 11:55 a.m., Defendant Donaldson was dispatched to a call involved an at-large dog. The remaining allegations of paragraph 15 are denied.

10. With respect to the allegations made and contained in paragraph 16 of Plaintiffs' Complaint, Defendants admit that at approximately 12:14 p.m., Defendant Donaldson located a dog in a Lansing neighborhood who was barking at cars, parked his vehicle, and attempted to secure the dog using his animal catch pole. The remaining allegation of paragraph 16 are denied.

11. With respect to the allegations made and contained in paragraph 17 of Plaintiffs' Complaint, Defendants admit that Defendant Donaldson approached the dog, but ultimately was unable to secure him using his animal catch pole. The remaining allegation of paragraph 17 are denied.

12. With respect to the allegations made and contained in paragraph 18 of Plaintiffs' Complaint, Defendants admit that Defendant Donaldson went to the Lansing Police Station to speak with the records custodian to gather additional information about the dog. Defendant Donaldson spoke to the reporting party (later identified as Seth Persinger), who provided the address for the dog's owner, and that when Defendants Donaldson and Lewis reported to the address, the dog and an individual (later identified as Plaintiff McLauglin) were on the property. The remaining allegation of paragraph 18 are denied.

13. With respect to the allegations made and contained in paragraph 19 of Plaintiffs' Complaint, Defendants admit that while on the property, Defendant Donaldson deployed his baton. Defendants further admit that Defendant Donaldson's report states that he told the responding party he "would go to the dog owner's residence to inform them to retrieve their dog." The remaining allegations of paragraph 19 are denied.

14. With respect to the allegations made and contained in paragraph 20 of Plaintiffs' Complaint, Defendants that at approximately 1:19 p.m., Defendants Donaldson and Lewis approached the dog. The remaining allegations of paragraph 20 are denied.

15. With respect to the allegations made and contained in paragraph 21 of Plaintiffs' Complaint, Defendants that at approximately 1:20 p.m., Defendant Donaldson fired two rounds at the dog. All other allegations of paragraph 21 are denied.

16. With respect to the allegations made and contained in paragraph 22 of Plaintiffs' Complaint, Defendants admit that Defendant Donaldson euthanized the dog by firing a third shot at the dog's head. All other allegations of paragraph 22 are denied.

17. Defendants deny the allegations made and contained in paragraphs 23, 24, 25, 26, 27, and 28 of the Plaintiffs' Complaint as the same are written.

18. With respect to the allegations made and contained in paragraph 29 of Plaintiffs' Complaint, Defendants admit that Defendant Donaldson was not acting pursuant to a warrant or judicial authority, but deny that one was required under the circumstances.

19. Defendants deny the allegations made and contained in paragraph 30 of the Plaintiffs' Complaint as the same is written.

20. With respect to the allegations made and contained in paragraph 31 of Plaintiffs' Complaint, Defendants respond that the text of Ordinance § 2-102 speaks for itself and requires no response from Defendants. Any allegation inconsistent with that text is denied.

21. With respect to the allegations made and contained in paragraph 32 of Plaintiffs' Complaint, Defendants respond that the text of Ordinance § 2-308 speaks for itself and requires no response from Defendants. Any allegation inconsistent with that text is denied.

22. With respect to the allegations made and contained in paragraph 33 of Plaintiffs' Complaint, Defendants admit that the <u>excerpt</u> of Lansing City Ordinance § 2-311 has been accurately quoted, although Plaintiffs conveniently omit the language that states: "In circumstances where the officer or another human being is in threat of great bodily harm from an animal, or an animal has been critically injured, lethal force maybe employed against the animal." The remainder of paragraph 33 is denied.

23. Defendants deny the allegations made and contained in paragraphs 34, 35, 36, 37, 38, and 39 of the Plaintiffs' Complaint as the same are written.

## CLAIMS FOR RELIEF

24. With respect to the allegations made and contained in paragraphs 40 through 47 of Plaintiffs' Complaint, the same are legal contentions to which no response is required. To the extent a response is required, Defendants deny the same.

25. Defendants are without specific knowledge of the accuracy or veracity of the statements made and contained in paragraph 48 of Plaintiffs' Complaint, and thus, the same are wholly denied.

26. Defendants deny the allegations made and contained in paragraphs 49 through 52 of Plaintiffs' Complaint.

27. With respect to the allegations made and contained in paragraphs 53 through 56 of Plaintiffs' Complaint, the same are legal contentions to which no response is required. To the extent a response is required, Defendants deny the same.

28. Defendants deny the allegations made and contained in paragraphs 57 through 70 of Plaintiffs' Complaint as the same are written.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which this Court may grant relief, in that Plaintiffs specifically failed to plead necessary facts to show that Defendants violated Plaintiffs' Constitutional Rights.

2. Upon information and belief, Plaintiffs' claims are barred in whole or in part due to insufficient service of process and lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and (5).

3. Plaintiffs' claims against Defendants Donaldson and Lewis in their individual capacities are barred by qualified immunity.

4. Defendants deny engaging in any wrongful or unlawful conduct whatsoever and further deny that Plaintiffs are entitled to any legal or equitable relief.

5. Any action taken by Defendants was not the result of unlawful or unconstitutional motives and was not a willful violation of the law.

6. Plaintiff's claims against Defendants Donaldson and Lewis in their official capacities are duplicative of their claims against the City of Lansing and should be dismissed on that basis.

7. Plaintiffs fail to state a *Monell* claim against Defendant City of Lansing, Kansas.

8. Plaintiffs' alleged damages, if any, were not caused by any Defendant.

9. Plaintiffs failed to take reasonable steps to mitigate damages, if any, such damages being denied.

10. Answering Defendants reserve the right to seek leave to amend its Answer and add Affirmative Defenses identified in the course of discovery.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/Andrew D. Holder
Andrew D. Holder, #25456
Lawrence E. Nordling, #19299
51 Corporate Woods, Suite 300
9393 W. 110th Street
Overland Park, KS 66210
(913) 339-6757; Fax (913) 339-6187
aholder@fpsslaw.com
lnordling@fpsslaw.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

  I hereby certify that on August 7, 2025, I electronically filed the foregoing with the Clerk of the Court, and a service copy was sent via e-mail on the following:

Jay P. VanBlaricum
Barnett Law Office, LLC
P.O. Box 442193
Lawrence, KS 66044
Tel: (785) 727-9789
jay@barnettlawoffice.com
**ATTORNEY FOR PLAINTIFF**

                 /s/ Andrew D. Holder
                 Andrew D. Holder