UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL LEWIS and DEENA MCLAUGHLIN,

    Plaintiffs,

    v.

DANIEL DONALDSON, et. al.,

    Defendants.

Case No. 25-2361-JWB-BGS

## SCHEDULING ORDER

On September 23, 2025, U.S. Magistrate Judge Severson conducted a scheduling conference by telephone in accordance with Fed. R. Civ. P. 16. Plaintiffs Michael Lewis and Deena McLaughlin appeared through counsel Jay P. VanBlaricum. Defendants Daniel Donaldson, Thurman Lewis, and the City of Lansing, Kansas appeared through counsel Alex S. Gilmore.[1]

Following is a brief summary of the nature of the case:

> Plaintiffs assert the Defendants, state actors, committed constitutional violations against them pursuant to 42 U.S.C. 1983 by unreasonable seizure of person and property, that no Defendant is entitled to qualified immunity, and that lack of training was the moving force of the constitutional violations.
>
> The Defendants are expected to assert that they acted objectively reasonable and lawful, that no constitutional violation occurred, individual defendants are entitled to qualified immunity, and no official policy or custom was the moving force of any constitutional violation.

After consultation with the parties, the Court enters this scheduling order, summarized in the following table:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to the Court | **September 30, 2025** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **September 30, 2025** |
| Rule 26 document exchange | **October 10, 2025** |
| Plaintiffs' settlement proposal | **October 14, 2025** |
| Defendants' settlement counter-proposal | **October 28, 2025** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **November 12, 2025** |
| Comparative fault identification | **November 4, 2025** |
| Motions to amend | **November 11, 2025** |
| Mediation completed | **December 19, 2025** |
| Experts disclosed | **January 16, 2026** |
| Physical and mental examinations | **January 30, 2026** |
| Rebuttal experts disclosed | **March 2, 2026** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **April 2, 2026** |
| Proposed pretrial order due | **April 30, 2026** |
| Pretrial conference (by telephone) | **May 12, 2026 at 10:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **June 9, 2026** |
| Motions challenging admissibility of expert testimony | **June 9, 2026** |
| Trial — ETT 3 days | **T/B/D** |

1.       **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the Court determined that settlement potentially would be enhanced by early mediation. Toward that end, Plaintiffs must submit a good-faith settlement proposal to Defendants by **October 14, 2025**. Defendants must make a good-faith counter-proposal by **October 28, 2025**. By **November 12, 2025**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_severson_chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the Court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the Court, **mediation is ordered** no later than **December 19, 2025**. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the Court's website: *http://www.ksd.uscourts.gov/adr-report/.*

2. **Discovery.**

   a. The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **October 10, 2025**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

   b. All discovery must be commenced or served in time to be completed by **April 2, 2026**.

   c. By **November 4, 2025**, any party asserting comparative fault must identify all persons or entities whose fault is to be compared and specify the nature of the fault claimed.

   d. Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served as follows: As required by Fed. R. Civ. P. 26(a)(2)(D), expert disclosures must be served by **January 16, 2026,** and, for experts testifying solely to contradict or rebut evidence on the same subject matter identified by another party, disclosures must be served by **March 2, 2026**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v.*

*Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the Court pursuant to D. Kan. Rule 37.1(a).

  **e.** The parties disagree whether physical or mental examinations pursuant Fed. R. Civ. P. 35 are appropriate in this case. The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **January 30, 2026**. If the parties disagree about the need for or scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline to allow the motion to be fully briefed and decided by the Court, and the examination conducted, all before the deadline expires.

  **f.** The Court considered the following discovery problem(s) raised by one or more of the parties: None.

  **g.** Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> The parties discussed ESI during the planning conference and agree that relevant ESI searches in this matter involve audio and video recordings, emails and text messages relating to Plaintiffs' claims. The parties have been advised of their obligations to preserve electronic records during the pendency of this litigation.
>
> The parties agree that all documents or other ESI produced by either party, other than audio and video recordings which shall be produced in their native format, shall initially be produced in identical PDFs except that the parties reserve the right to request that any emails or text messages be produced in electronic format. The parties will then review such requests on a case-by-case basis. The

parties agree to work cooperatively to resolve any such issues with emails to the extent possible.

**h.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

The parties will rely on procedures set forth in the standard protective order form approved by the Court. Any party withholding responsive information from discovery on the basis of a privilege must timely serve a privilege log consistent with Fed. R. Civ. Pro. 26(b)(5)(A) and the case law in this District.

**i.** To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the Court adopts as its order the following procedures agreed to by the parties and counsel:

As more fully set forth in 3.e. below, before filing any motion related to a discovery dispute, the parties will exchange in writing their respective positions on the dispute, then, if necessary, meet and confer. In the event that exchange does not resolve the dispute, the parties will ask that the Court convene a conference call to discuss the dispute.

**j.** Each deposition must be limited to 4 hours. All depositions will be governed by the written guidelines on the Court's website: *https://ksd.uscourts.gov/file/843*

**k.** Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **September 30, 2025**. This proposed protective order should be drafted in compliance with the guidelines available on the Court's website:

*https://ksd.uscourts.gov/file/919*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the Court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the Court's website:

<https://ksd.uscourts.gov/civil-forms>

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **September 30, 2025**. A pre-motion conference with the Court is required prior to filing any disputed motion for a protective.

    **l.**        The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

    **m.**       The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the Court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.**    **Motions**

    **a.**        Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **November 11, 2025**.

    **b.**       All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **June 9, 2026**. The Court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

    **c.**        Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.

Further, the Court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the Court's website: [https://ksd.uscourts.gov/file/326](https://ksd.uscourts.gov/file/326).

      **d.**      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **June 9, 2026**.

      **e.**      Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the Court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The Court will typically grant the request and contact the parties to arrange the conference within a few days. The Court will inform the parties whether any additional information should be submitted or filed in advance of this conference. <u>Unless otherwise requested by the Court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference</u>. *See* D. Kan. Rule 37.1(a).

      **f.**      To avoid unnecessary motions, the Court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4.     Pretrial Conference, Trial, and Other Matters.**

a.     Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **May 12, 2026, at 10:00 a.m.** by telephone (316-402-0044; conference ID number 485 069 538). The judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **April 30, 2026**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_severson_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the Court's website:

*https://ksd.uscourts.gov/civil-forms*

b.     The parties expect the jury trial of this case to take approximately 3 trial days in Kansas City, Kansas. The Court will subsequently set this case for trial.

c.     If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the Court's website at:

*https://ksd.uscourts.gov/civil-forms*

d.     This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated September 23, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge